USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOELLE IBRAHIM,

                    Plaintiff,

                  -against-

LUCAS PENA, DEIRDRE FUCHS, and THE
TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK,

                  Defendants.
-----------------------------------------------------------X

16-CV-7774 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Although many alumnae recall their universities fondly, Plaintiff Noelle Ibrahim has different feelings for her alma mater. Ms. Ibrahim sued Columbia University ("Columbia") and Columbia employees (collectively, "Defendants") after her request for assistance took a bad turn. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND[1]

Ms. Ibrahim, a Columbia alumna, suffers from psychiatric illnesses. First Amended Verified Complaint ("Compl.") ¶¶ 2-3, Dkt. 16. In April 2015, Ms. Ibrahim called the Office of the Dean at Columbia several times and left voice messages identifying herself and stating that "she required assistance due to a psychiatric disability, including counseling that would help her

---

[1] All facts discussed herein are taken from the First Amended Verified Complaint, are accepted as true, and are viewed in the light most favorable to Plaintiff. *See N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013).

1

to cope with the difficult situation that she was dealing with" in Canada, where she resided. Compl. ¶¶ 9-10, 13.

Columbia did not return her calls, Compl. ¶ 15, nor did it provide her with counseling, Compl. ¶¶ 96-97. Instead, Columbia reported to Canadian authorities that Ms. Ibrahim had said that she was "going to her work to shoot everybody," which led to Ms. Ibrahim's arrest in Canada. Compl. ¶¶ 16-17. In addition, five days after the phone messages, Columbia sent Ms. Ibrahim a "Persona Non Grata" letter. Compl. ¶¶ 22, 25. The letter stated that Ms. Ibrahim was "considered 'Persona Non Grata' on all Columbia University property" because of "continued harassing phone calls to Columbia University," and Ms. Ibrahim was advised to "cease any further calls to Columbia University" and that "no further services [would] be rendered to [her] from the Alumni Career Center." Compl. ¶ 25.

Ms. Ibrahim sued Defendants in New York Supreme Court, alleging discrimination in violation of the Americans with Disabilities Act ("ADA"), as well as a slew of state-law claims (malicious prosecution, libel, intentional infliction of emotional distress, false arrest, and negligence). Defendants removed the action based on the federal ADA claim, Notice of Removal, Dkt. 1, and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Notice of Defendants' Motion to Dismiss the Amended Complaint, Dkt. 20.

For the following reasons, Defendants' motion is GRANTED. Because the Court dismisses all of Ms. Ibrahim's federal claims, the Court declines to exercise supplemental jurisdiction over Ms. Ibrahim's remaining state claims. *See* 28 U.S.C. § 1367(c)(3).

## DISCUSSION

"[A] complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555-56 (2007)).  In reviewing a Rule 12(b)(6) motion to dismiss, courts "accept[ ] all factual allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff." *N.J. Carpenters*, 709 F.3d at 119 (quoting *Litwin v. Blackstone Grp., LP*, 634 F.3d 706, 715 (2d Cir. 2011)).  Nonetheless, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).  "Plausibility" is not certainty.  *Iqbal* does not require the complaint to allege "facts which can have no conceivable other explanation, no matter how improbable that explanation may be."  *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 360 (2d Cir. 2013).  But "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Brown v. Daikin Am. Inc.,* 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly,* 550 U.S. at 555).

Ms. Ibrahim's only federal-law claims are that Columbia failed to provide her with an accommodation and retaliated against her in violation of the ADA.  Compl. ¶¶ 92-97 (citing 42 U.S.C. §§ 12181, 12203).  Defendants moved to dismiss arguing that Ms. Ibrahim has failed to state a plausible claim to relief.  For the following reasons, the Court agrees and GRANTS Defendants' motion to dismiss.

I. **Ms. Ibrahim Fails to Allege a Plausible ADA Failure-to-Accommodate Claim.**

Ms. Ibrahim argues that Columbia refused her request for accommodation by failing to provide her with requested mental health counseling; instead, Columbia barred her from its campus and from access to its alumni services.  Compl. ¶¶ 94-97; *see also* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp.") 16-17.

3

Defendants argue that Ms. Ibrahim has not plausibly alleged that Columbia discriminated against her based on her disability. The Court agrees.

Title III of the ADA prohibits discrimination on the basis of disability by those who provide public accommodations. 42 U.S.C. § 12182(a). To state a failure-to-accommodate claim, the plaintiff must allege facts showing "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

"Discrimination" is defined in Title III to include:

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such . . . services, facilities, . . . or accommodations to individual with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such . . . services, facilities, . . . or accommodations.

42 U.S.C. § 12182(b)(2)(A)(ii).[2] A defendant is not required to offer an accommodation "that imposes an undue hardship on its program's operation; it is only required to make a reasonable accommodation." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88 (2d Cir. 2004) (citing 28 C.F.R. § 41.53).[3] "In order to constitute a 'reasonable accommodation,' the requested

---

[2] In general, 42 U.S.C. § 12182(b)(2)(A) provides that "discrimination" includes: (i) "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability…"; (ii) " a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford [] goods, services, facilities . . ."; (iii) a failure to take necessary steps to ensure that no disabled individual is "excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services"; (iv) "a failure to remove architectural barriers, and communication barriers that are structural in nature . . ."; and (v) where the removal of a barrier is not readily achievable, "a failure to make such goods, services, facilities, privileges, advantages, or accommodations available" through other, readily achievable methods.

Although Ms. Ibrahim does not specify which definition of "discrimination" supports her Title III claim, 42 U.S.C. § 12182(b)(2)(A)(ii) is the only definition potentially applicable to the facts alleged in this case.

[3] An "undue hardship" is one that "requir[es] significant difficulties or expense when considered in light of a number of factors, one factor being the type of service or product being offered." *Powell*, 364 F.3d at 88.

modification must actually 'accommodate' the alleged disability.  Otherwise, it would constitute no more than a personal preference, which is not protected under the ADA . . . ."  *Harnett v. Fielding Graduate Inst.*, 400 F. Supp. 2d 570, 576 (S.D.N.Y. 2005), *aff'd in part and rev'd in part on other grounds*, 198 F. App'x 89 (2d Cir. 2006).

Ms. Ibrahim alleges, and Defendants do not dispute, that her psychiatric condition qualifies as a "disability" under the ADA.  Compl. ¶¶ 3, 92; *see also* Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Complaint ("Reply") 6 n.3, DKt. 28.  Ms. Ibrahim also alleges, and Defendants do not dispute, that Columbia "operat[es] . . . as a private institution of higher learning," Compl. ¶ 6, making it a place of public accommodation.  *See McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) ("[Rennselaer Polytechnic Institute], as a 'postgraduate private school,' is doubtless a place of public accommodation." (citing 42 U.S.C. § 12181(7)(J))).

Ms. Ibrahim, however, has failed to allege plausibly that Defendants "discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide," *Camarillo*, 518 F.3d at 156.  Ms. Ibrahim has failed to allege facts tending to show how her requested accommodation (mental health counseling) is "necessary to afford," *see* 42 U.S.C. § 12182(b)(2)(A)(ii), her enjoyment of Columbia's facilities and services, i.e., Columbia's campus and Alumni Career Center.  Relatedly, Ms. Ibrahim has failed to allege any facts that plausibly support her claim that her disability hindered her access of Columbia's campus and alumni services.  Finally, Ms. Ibrahim has alleged *no* facts tending to show that her requested accommodation is reasonable; she alleges only that she requested an accommodation (mental health counseling) and that Columbia refused.  The ADA, however, requires that

5

Defendants provide only a *reasonable* accommodation. *Powell*, 364 F.3d at 88; *see also* 42 U.S.C. § 12182(b)(2)(A)(ii) (discrimination is a "failure to make reasonable modifications").[4]

Ms. Ibrahim's factual allegations are far too general and conclusory to state a plausible claim of disability discrimination. Because Ms. Ibrahim has failed to allege a plausible claim that Defendants denied her a reasonable accommodation necessary for her use of Columbia's facilities and services, her ADA failure-to-accommodate claim fails as a matter of law.

## II. Ms. Ibrahim Fails to Allege a Plausible ADA Retaliation Claim.

Ms. Ibrahim also alleges that Defendants retaliated against her in violation of the ADA by barring her from Columbia's campus and alumni services and by refusing to provide her with mental health counseling. Compl. ¶¶ 96-97. Defendants argue that Ms. Ibrahim has failed to allege a plausible prima facie claim of ADA retaliation. The Court again agrees.

The ADA provides, in relevant part, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . ." 42 U.S.C. § 12203(a). To state a prima facie claim of ADA retaliation, a plaintiff must allege that she "(i)[]was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002) (citation and quotation marks omitted). "A plaintiff's burden at this prima facie stage is *de minimis*." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

---

[4] The Court notes that providing mental health counseling to all alumnae upon request would likely be quite expensive. *See Powell*, 364 F.3d at 88 (undue hardship includes a hardship that requires significant expense in light of a number of factors). Although the Court's heart goes out to those suffering from mental illness, universities are not mental health facilities.

Ms. Ibrahim fails to allege plausibly that she was engaged in protected activity or that Columbia knew that she was involved in protected activity. "Protected activity" includes activity that the plaintiff "has opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203(a); *Alford v. Turbine Airfoil Coating & Repair, LLC*, No. 12 CIV. 7539 DLC, 2014 WL 1516336, at *11 (S.D.N.Y. Apr. 17, 2014) (same). The plaintiff need not show that the conduct she opposed was actually a violation of the ADA if she alleges that she "possessed a good faith, reasonable belief that the underlying challenged actions of the [defendant] violated" the ADA. *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir. 1999) (quoting *Sarno v. Douglas-Elliman Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999)).

Although requesting a reasonable accommodation of a disability is an ADA protected activity, *Weixel*, 287 F.3d at 149, Ms. Ibrahim has failed to allege, for reasons similar to those discussed *supra*, that she was requesting reasonable accommodation of her disability. She alleges that she left voicemail messages identifying her disability, "requesting assistance" from Columbia for her situation in Canada, and requesting mental health counseling, Compl. ¶¶ 9-10, 13, but she fails to allege any specific facts that would plausibly show that her request for counseling (or anything else she said in her messages) was a request for reasonable accommodation of her disability so that she could use Columbia's services and facilities. Ms. Ibrahim also has failed to allege any specific, non-conclusory facts showing that she had a "good faith, reasonable belief" that any purportedly adverse actions taken by Columbia violated the ADA. *See Muller*, 187 F.3d at 311. For those reasons, Ms. Ibrahim has failed to allege plausibly that she was engaged in protected activity.

Relatedly, Ms. Ibrahim has failed to allege plausibly that Columbia knew that she was engaged in protected activity. Ms. Ibrahim's allegation that Columbia "knew that the plaintiff

7

was engaged in protected activity," Compl. ¶ 95, is a conclusion that the Court does not accept as true in considering the Rule 12(b)(6) motion. *See Brown*, 756 F.3d at 225. Although Ms. Ibrahim alleges that she informed Columbia that she had a disability and required mental health counseling, *see* Compl. ¶¶ 9-10, 13, Ms. Ibrahim has failed to allege that Columbia understood that Ms. Ibrahim was requesting an accommodation for a disability so that she could use facilities and services provided by Columbia. *See Weixel*, 287 F.3d at 149 (second element of the prima facie case satisfied where plaintiffs alleged facts showing that "the defendants were aware of plaintiffs' attempts to seek such accommodation").

Indeed, Ms. Ibrahim does not seem to dispute that she has failed to allege that she informed Columbia that she was requesting an accommodation. In response to Defendants' argument that Plaintiff failed to notify Columbia of her need for accommodation, Ms. Ibrahim argues that "it was the Defendants who 'drew first blood' by issuing their Persona Non Grata letter" and that it was "the actions of the Defendants itself [that] created the need for the accommodation." Opp. 17. The Court does not understand why it would matter who "drew first blood" or even what "accommodation" under the ADA was needed because of Defendants' "actions . . . barring her from the Columbia Campus," Opp. 17. Those opaque arguments notwithstanding, Ms. Ibrahim has not plausibly alleged that she was engaged in protected activity or that Columbia knew that she was engaged in protected activity before it took any adverse action against her. Therefore, Ms. Ibrahim fails to state a plausible claim of ADA retaliation.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Ms. Ibrahim's ADA claims are DISMISSED. If Ms. Ibrahim wishes to amend her complaint, she

8

must seek leave to do so no later than **September 21, 2017.** The motion for leave to amend must include a redlined version of her proposed amendment, and she must allege facts that go substantially beyond the allegations in the First Amended Verified Complaint.

Because the Court dismisses all of Ms. Ibrahim's federal law claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction."). The Clerk of Court is respectfully directed to terminate Docket Entry No. 20.

**SO ORDERED.**

Date: **August 21, 2017**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**